CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 28 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILBY JAMES BRANHAM, | ) | Civil Action No. 7:15-cv-00351 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MAJOR PARKER, et al., | ) | By: Hon. Jackson L. Kiser |
|     Defendants. | ) | Senior United States District Judge |

Wilby James Branham, a Virginia inmate proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983. The two remaining defendants, Administrator Trent and Major Parker of the Amherst County Detention Center ("Jail"), filed a motion to dismiss, and Plaintiff responded, making the matter ripe for disposition. After reviewing Plaintiff's submissions, I grant in part and deny in part the motion to dismiss and direct defendants to file a motion for summary judgment.

## I.

Plaintiff is a Muslim who alleges his personal faith requires him to use a "prayer rug." Plaintiff complaints that on March 6, 2015, the Jail's "Administration" offered Plaintiff an extra towel to use as a prayer rug. Plaintiff refused because other inmates had used the towel at an unspecified time to dry their bodies, and thus, the towel was "unclean" for Plaintiff's religious purposes. Plaintiff further explains, "[M]y God is worth more than a used towel," and, "I deserve to be able to worship my God right." A response to one of Plaintiff's inmate request forms suggests that official policy at the Jail prohibits prayer rugs. Plaintiff suggests that many other correctional facilities in Virginia provide prayer rugs instead of previously-used towels for inmates. Plaintiff has since been transferred from the Jail to a state correctional facility.

II.

I must grant a defendant's motion to dismiss if I determine that the complaint fails to state a claim on which relief may be granted. Resolving this question under the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires me to accept Plaintiff's factual allegations as true.[1] Furthermore, a complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Dismissal under Rule 12(b)(6) is appropriate when, after accepting as true the well-pleaded facts in the complaint and viewing them in the light most favorable to the plaintiff, a court finds with certainty that a plaintiff would not be entitled to relief under any state of facts which could be proved in support of the plaintiff's claim. Brooks v. City of Winston-Salem, N. C., 85 F.3d 178, 181 (4th Cir. 1996).

A.

Defendants argue that Plaintiff failed to exhaust available administrative remedies because he noted on the complaint that he did not appeal the denied grievance. See, e.g., 42 U.S.C. § 1997e(a). Plaintiff averred on his verified statement that he exhausted all available administrative remedies at the facility, and he attached a grievance form as proof.[2] Notably,

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

[2] In the grievance, Plaintiff complained about the prayer rug policy and asked for a prayer rug, but staff

2

defendants have not yet established that an appeal was actually required pursuant to any grievance policy. See, e.g., Jones v. Bock, 549 U.S. 199, 216 (2007); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 681 (4th Cir. 2005). Accordingly, I may not dismiss the complaint at this time based on exhaustion of administrative remedies.

### B.

Citing 42 U.S.C. § 1997e(e), defendants next argue that the complaint should be dismissed because injunctive relief is moot and damages are precluded for a lack of a physical injury. However, Plaintiff could be entitled to declaratory relief, nominal damages, or punitive damages even if, arguendo, compensatory damages and injunctive relief are precluded. See, e.g., Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007); Searles v. Van Bebber, 251 F.3d 869, 879 (10th Cir. 2001); see also Rowe v. Shake, 196 F.3d 778, 781-82 (7th Cir. 1999). Accordingly, I do not dismiss the complaint based on the types of remedies potentially available to Plaintiff.

### C.

Defendants further argue that the complaint fails to state a claim upon which relief may be granted. I liberally construe two challenges from the complaint, both arising from the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, et seq.: (1) the practice of offering a previously-used towel as an alternative to a prohibited prayer rug, and (2) the Jail policy that prohibits prayer rugs.

RLUIPA, in relevant part, provides that no government shall impose a substantial burden on the religious exercise of an inmate unless the government demonstrates that the burden furthers a compelling governmental interest and is the least restrictive means of furthering that

---

denied the grievance because Plaintiff could use an extra towel as a prayer rug. The staff's signature on the grievance could be read as "Major Parker."

3

interest.3 42 U.S.C. § 2000cc-1(a). In contrast, the First Amendment prohibits prison regulations from infringing an inmate's religious expression unless those regulations are reasonably related to legitimate penological interests. O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987); Turner v Safley, 482 US 78, 86-89 (1987).

The pro se complaint and attachments sufficiently allege violations of RLUIPA and the First Amendment. The complaint sufficiently states Plaintiff's religious need to pray to his god on a "clean" surface, whether called a "towel" or a "prayer rug," instead of an "unclean" surface like the floor or a towel previously used to dry numerous inmates' bodies. The complaint also states how Plaintiff sought a religious accommodation from Jail staff and that Jail staff denied the request pursuant to a Jail policy that prohibits prayer rugs. The complaint further states that prayer rugs are routinely accommodated at various correctional facilities in Virginia. Liberally construing Plaintiff's submissions, Plaintiff alleges the personal involvement of the defendants: Major Parker denied Plaintiff's request by citing policy, and Administrator Trent likely affected that policy. Accordingly, Plaintiff has described a violation of a sincerely-held religious right pursuant to a policy that presently is not supported by any compelling or reasonably-related, legitimate penological interest.

However, defendants are partly entitled to qualified immunity. Government officials generally are shielded from liability for civil damages in their individual capacities unless (1) the complaint, when viewed in the light most favorable to the plaintiff, alleges facts which, if proven, would show that an official violated a constitutional right, and (2) the right was "clearly

---

[3] Damages are not recoverable under RLUIPA. Sossamon v. Texas, 563 U.S. 277, 293 (2011); Rendelman v. Rouse, 569 F.3d 182, 189 (4th Cir. 2009).

4

established" at the time of the alleged misconduct. Saucier v. Katz, 533 U.S. 194, 201 (2001); see, e.g., Pearson v. Callahan, 555 U.S. 223, 236 (2009).

The specific conduct in this case – a correctional practice of offering a previously-used towel as a prayer rug that is prohibited by another policy – has not been resolved by a broader principle that controls these novel facts or by the Supreme Court of the United States, the Court of Appeals for the Fourth Circuit, or the Supreme Court of Virginia in a materially similar case. See Wall v. Wade, 741 F.3d 492, 502-03 (4th Cir. 2014) ("[C]learly established includes not only already specifically adjudicated rights, but those manifestly included within more general applications of the core constitutional principle invoked."); Doe v. S.C. Dep't of Soc. Servs., 597 F.3d 163, 176 (4th Cir. 2010) ("In order for a right to be 'clearly established,' the Supreme Court has instructed that the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." (internal quotation marks omitted)); Edwards v. City of Goldsboro, 178 F.3d 231, 251 (4th Cir. 1999) (stating clearly established law in the Fourth Circuit refers to decisions of the Supreme Court of the United States, the Court of Appeals for the Fourth Circuit, and the highest court of the state in which the case arose). Consequently, pre-existing law did not reveal if or how it was unlawful to offer a towel as a substitute for a prayer rug. See, e.g., Robles v. Prince George's Cnty., 302 F.3d 262, 270 (4th Cir. 2002) ("In the context of official immunity, although notice does not require that the very action in question has previously been held unlawful, it does mean that in the light of pre-existing law the unlawfulness must be apparent."). Accordingly, Plaintiff fails to show that clearly established law notified defendants that offering a towel as an alternative to a prayer rug was clearly unconstitutional under the alleged circumstances. See Breidenbach v. Bolish, 126 F.3d 1288, 1291 (10th Cir. 1997) (noting a plaintiff assumes the burden of showing the

defendant violated clearly established law when qualified immunity is raised in a motion to dismiss).

However, defendants are not presently entitled to qualified immunity as to the broader conduct in this case – a correctional policy of banning prayer rugs that ostensibly lacks a legitimate penological interest – to the extent the claim is asserted against them in their individual capacities. Although Plaintiff has alleged enough to survive the motion to dismiss, the record is not yet sufficient to determine the defendants' actual involvement in the promulgation or enforcement of the policy. However, the law was clearly established before March 2016 that, per the "more general applications of the core constitutional principle invoked[,]" Plaintiff has a First Amendment right to possess religious items to exercise a sincere religious belief unless contrary to a reasonably-related, legitimate penological interest. Wall, 741 F.3d at 502-03 ("[C]learly established includes not only already specifically adjudicated rights, but those manifestly included within more general applications of the core constitutional principle invoked."); see O'Lone, 482 U.S. 349; Turner, 482 US at 86-88.

### III.

For the foregoing reasons, defendants' motion to dismiss is granted in part as to qualified immunity for the practice of offering a towel as an alternative to a prayer rug, and it is denied in all other respects. Defendants shall file, within sixty days, a motion for summary judgment supported by affidavit(s) pursuant to Standing Order 2013-6.

**ENTER:** This 28th day of March, 2016.

Senior United States District Judge