CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUN 29 2016

JULIA C. DUDLEY, CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILBY JAMES BRANHAM, | ) | Civil Action No. 7:15-cv-00351 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MAJOR PARKER, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Wilby James Branham, a Virginia prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 naming the Blue Ridge Jail ("Jail") and its staff as defendants. On May 18, 2016, defendants filed a motion for summary judgment. On the next day, the Clerk issued a Notice that advised Plaintiff that a motion for summary judgment was filed on May 18, 2016, and that Plaintiff had twenty-one days from the Notice to file a response. The Notice further advised:

> If Plaintiff does not respond to Defendant's[1] pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant states in their [sic] responsive pleading(s). If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion . . . . However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute.

Notice (ECF no. 30) (original emphasis).

Plaintiff did not respond to the Notice or the motion for summary judgment, and the Notice was not returned to the court as undeliverable. Pursuant to the Notice entered on May 19, 2016, I find that Plaintiff has failed to prosecute this case. Accordingly, the complaint is dismissed without prejudice for Plaintiff's failure to prosecute, pursuant to Fed. R. Civ. P. 41(b), and all pending motions are denied without prejudice as moot. See Link v. Wabash R.R. Co.,

---

[1] I note that all remaining defendants filed the motion for summary judgment.

370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss <u>sua sponte</u> for lack of prosecution has generally been considered an 'inherent power,' . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

**ENTER:** This 26th day of June, 2016.

Jackson L. Kiser
Senior United States District Judge